71,460-04

Cause # 05-307-K277B

Ex Parte                     § IN THE 277th JUDICIAL
                             §
                             § DISTRICT COURT OF
Robert Brown III             § WILLIAMSON COUNTY, TX

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 01 2015
Abel Acosta, Clerk

OBJECTION'S TO TRIAL COURTS

FINDING OF FACTS AND CONCLUSION

OF LAW ORDER

According to Perillo v Johnson 79 F 3d 441,446 (5th Cir, 1996) the fact finding procedure ("Paper Hearing") Must be adequate for reaching reasonable correct results. Then in Nethery v Collins it states findings based solely on a paper record are not necessarily entitled to a presumption of correctness. Then just like in Ellis v Collins 956 F 2d 76 the habeas judge was not the trial judge & was not able to compare the affidavits against her own 1st hand knowledge of the trial. See, Judge Mathews ruling is contrary to law & her fact finding is not supported by the record & shouldn't be adopted. Then according to Ex Parte Dietzman 790 S.W. 2d 305 (1990) we find the trial Court's conclussions are not supported by the record.

Abel Acosta-Clerk                            3-26-15
P.O. Box 12308
Austin, Tx 78711


RE: WR-71,460-04 Ex Parte Brown

Dear Mr. Acosta

    Can you please file my objections to the
Judge's Order to the finding of facts & Order
to Seal the police reports. Can you please
file this & present to the Court so they can
make a informed ruling. I'm also providing
you a copy of the 1st page so you can mark
it filed & also I'm providing you with a SASE
so you can mail it back to me. So, then I will
know that you recv'd it & filed it & presented it to
the court for a hearing

    Sincerely,

    Robert J L MB

Cause # 05-307-K277B

Ex Parte § IN THE 277th JUDICIAL

§

§ DISTRICT COURT OF

Robert Brown III § WILLIAMSON COUNTY, TX

## OBJECTION'S TO TRIAL COURT'S

## FINDING OF FACTS AND CONCLUSION

## OF LAW ORDER

According to Perillo v Johnson 79 F3d 441,446 (5th Cir, 1996) the fact finding procedure ("Paper Hearing") Must be adequate for reaching reasonable correct results. Then in Netlery v Collins it states findings based solely on a paper record are not necessarily entitled to a presumption of correctness. Then just like in Ellis v Collins 956 F2d 76 the habeas judge was not the trial judge; was not able to compare the affidavits against her own 1st hand knowledge of the trial. See, Judge Matlews ruling is contrary to law & her fact finding is not supported by the record & shouldn't be adopted. Then according to Ex Parte Dietzman 790 S.W.2d 305(1990) we find the trial court's conclussions are not supported by the record.

I'm not able to successfully file my claim because the state won't turn over the pertinent records to successfully win my claim. The State filed a Motion to seal the records & the Trial Court granted their Motion on 3-16-15 (See Ex. A) Now can they seals those reports when those reports are in question & the only way to prove my Brady claim & my actual innocence claim. I need those records to resolve my writ. A affidavit is impossible to resolve the issues @ hand. The State claims in their findings of fact #12 that "NO" student @ the victim's school was the target of a Indecency of a Child investigation. Well I can refute that if you refer to my trial attorney's pre-trial notes it states the following;

Austin Police Department - 5/20 - Officer Michael Rhone

✱ Deerpark Middle School = Quentin & 3 boys sexually assaulted @ school.

So, as you can clearly see that a police report does exist. However, the State is hiding it because they know that it proves that the alleged victim made a false accusation just 8 months prior to the one he made against me on a child by the name of Garren Kuhn. Then if you refer to (RR V-178) Quentin's Mom testifies that Quentin came home & said "Oh yeah by the way Mom, I was molested @ school today." Then if you refer to the following testimony you'll see that he did make a accusation before;

Refer to RR VI-55:
    Hunt - Robert had a talk with you about good touches ¿bad touches¿ how important to go tell some adult ¿authority if somebody is touching you in a way that you didn't want to be touched. Do you remember that conversation?
Quentin - Yes
Hunt - Was that a result of this incident with the kid in school?
Quentin - Yes
Hunt - Robert took you to the hospital to have you checked out
Quentin - Yes
Hunt - Robert was "VERY" upset about the fact that this person had done this stuff to you?
Quentin - Yes
Then if you refer to (RR VI-40-41) you'll see the other questions that Hunt ask Quentin.
    Hunt - Quentin do you know what he's talking about on that call?
Quentin - Yes
Hunt - What's he talking about?
Quentin - When Robert took me to the hospital to get a physical so they could press charges
Hunt - Okay so he (Robert) did that for you
Quentin - Yes
So, by this testimony you can clearly see that Quentin

did make a sexual allegation against Garren Kuhn? the State is clearly hiding that report? Why they are sending the court a redacted version. Now can the court make a informed decision with a redacted version of the police reports? As you can clearly see that the State "NEVER" quoted from the record not one time to refute my allegations. It is imperative for me to be able to get a "LIVE" Deposition of Officer Michael Rhone of the Austin Police Department? Shirley Williams. So, he can tender a copy of his police report? so he can explain his statement of Quentin being sexually assaulted @school. Then to question Shirley Williams on what she recalls going on in the bedroom @ 5am. Since as you can clearly see by Sgt Hughey's testimony in (RR V (199-220) that he "NEVER" interviewed Ms Williams prior to trial. When testimony clearly shows that she shared the small 10x12 room with the alleged victim? was in the room? awake during the alleged touching. Then the State is attaching a redacted version of the Police Reports for the Court of Criminal Appeals to review? also one for the Habeas Judge to review. However, I wasn't ever provided a redacted version to review or a chance to refute the report. This is no harm because the reports are redacted? also the personal data is already known to me because we were a family? also the info was apart of the trial record.

The trial court just deemed the police reports to be sensitive data in accordance with T.R.A.P. 9.10. They are just now doing this 11yrs after the fact when they know that those reports are @ the center of a Brady dispute. Plus there is two more reports missing. There should actually be a total of five police reports in question. So, I'm objecting to the Police Reports being sealed & not providing me with a copy. I'm attaching a copy of the Motion & order granting the Sealing of the police reports as (Exibit A). How can you seal a report & deprive me when under the Habeas Corpus that a writ "NEVER" suspends. The State's & the Trial Judge's Order is clearly not supported by the record. As you can see not one time did they quote from the record. Nor refuted anything that I claimed with the record. Then if you refer to Townsend v Sain 83 S.Ct 745, 756-57 it states that there can't even be the semblance of a full & fair hearing unless the State Court actually reached & decided the issues of fact tendered. As such, when the State Court didn't resolve a fact issue that would entitle petitioner to relief if resolved in his favor, the petitioner is entitled to an evidentiary hearing. Then the State claims that I didn't overcome the exceptions in 11.07 (4)(A) Well if you refer to Ex Parte Brooks 219 SW 3d 396 it states that it isn't necessary for an applicant to prove his innocence

rather, all that is necessary is a prima facie showing of actual innocence, sufficient to overcome Tex. Code Crim. Proc. Ann art 11.07 §4 so that you can consider the merits of the claim. The State claims that I didn't raise the issue in my 1st Habeas Corpus of Judge Anderson not giving the jurors the testimony that they requested in (CCR-83) refer to (Exibit B) which states We disagree about the testimony of Quentin Monroe Austin J Concerning the dates that the alleged "Sexual Contact" happened We need the part of his testimony where talks about Dec, Jan. specifically, including the visits of Danny, two sisters. Well if the D.A. Jena Duty, Judge Matlews were apart of the original habeas proceedings they would've seen that it was brought up in the 1st proceeding but "NEVER" responded to, Just like they are trying to do now, Well if Judge Anderson not violated Art 36.28, given the jurors the pertinent testimony that they requested then I would've been found not guilty on @least counts One, two, Because if you refer to (RR VI-240) it shows that I didn't move in till Dec.5th, that I picked up his Cousin Danny up from the airport on Dec 9th. Then in (RR VI-240) that the 1st time I touched him @ his house wasn't right after I moved in but awhile after I moved in. Then if you refer to (RR VI 59-62) it will show that Quentin states that "no" touching occurred in the month of Dec. while his cousin Danny stayed with us, that no touching occurred for the month of

January when his two sister's stayed with us. Then he was asked in (RR VI-19) if he remembers the touching happening after the X-mas holiday? he said "NO" So, as you can clearly see that I have provided sufficient facts establishing by a preponderance of the evidence that, but for a constitutional violation, no rational juror would've found me guilty on @least Counts 1 & 2. The record shows that the jurors deliberated for almost 5hrs on guilt/innocence on a 2½ day trial. This is your chance to remedy a Miscarriage of justice. Refer to RR IX-84-86) Then if you refer to (RR V-199 & 220) the investigating Sgt (Sgt Nughey) testifies to the following: That he arranged a recorded telephone call from Bell to Applicant. That Applicant didn't admit to sexual misconduct or impropriety with the complainant during the recorded conversation. That he went to the location of the complainants residence to look for evidence? "NO" physical evidence corroborating the complainant's accusations was recovered from the residence. That the complainant was nervous? uncomfortable during his interview @ the Children's Advocacy Center. That he "NEVER" obtained a arrest warrant for the Applicant upon the completion of his investigation. That he "NEVER" interviewed Shirley Williams during the course of his investigation or during the 2yrs prior to trial. When she was the Child's grandmother ? Shared the same small 10x13 room with him ? was in the room ? awake during the alleged touching that was going on 4-5 days per week for 6 months @ 5am. Then the State

claims. Well if you refer to Chabot 300 Sw3d 768 (2009) it was the 1st case in which you explicitly recognized an unknowing-use-due process claim; therefore, that legal basis was unavailable @ the time applicant filed. Then if you refer to (RR VI-22) the prosecutor ask Quentin the following questions: if Robert ever touched you on any other body part that made you feel uncomfortable? "NO" Did he ever ask you to touch him in anyway? "NO" Also did he ever say anything or threaten you not to say anything or make you not tell? "NO" So if you refer to 371 Sw3d 200 - on post conviction review the convicting court is the original fact finder, the appellate court is the ultimate factfinder. However, when the appellate courts independent review of the record reveals that the trial judge's findings & conclusions aren't supported by the record, the appellate court may exercise its authority to make contrary or alternative findings & conclusions. As you can clearly see that the D.A. nor the Habeas Judge relied on the trial record because they never quoted from the record, nor ever refuted anything I said by using the record; that is because the D.A. Jana Duty & Judge Mathews weren't apart of my original trial or my 1st 11.07 proceedings; neither was anyone else in the D.A.'s office. So, that is why it is imperative for me to be granted a "LIVE" Evidentiary Hearing so, all the controverted issues can be worked out. Along with taking depositions from Shirley Williams & officer Michael Rhone with the Austin Police Dept.

# PRAYER

Wherefore, Premises Considered the Applicant respectfully PRAYS this Honorable Court GRANT'S an evidentiary hearing on his Brady Claims, Actual Innocence & False Testimony or GRANT'S my 11.07. Applicant further PRAYS this Court GRANT all other relief not explicitly requested, yet may be entitled to as a matter of Law & Equity.

Respectfully Submitted

Applicant Pro Se

FILED
at 4:15 o'clock ___ M
MAR 1 6 2015
Lisa David
District Clerk, Williamson Co., TX.

| | | |
|---|---|---|
| EX PARTE | § | IN THE 277TH JUDICIAL |
| ROBERT FORD BROWN III | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| | § | |
| STATE OF TEXAS | § | WILLIAMSON COUNTY, TEXAS |

### ORDER ON STATE'S MOTION TO SEAL

On this day, came to be considered the State's Motion to Seal. Applicant, Robert F. Brown III, seeks the post-conviction remedy of a writ of habeas corpus. The State has filed an answer and proposed findings of fact and conclusions of law. In support of those proposed findings the state has filed, as exhibits, offense reports from the Austin Police Department and the Williamson County Sheriff's Department.

Having considered these reports and the State's Motion to Seal, the Court finds that the reports do constitute Sensitive Data under T.R.A.P. 9.10.

The State's motion is hereby GRANTED.

The District Clerk is instructed that the police reports from the Austin Police Department and the Williamson County Sheriff's Office attached as Exhibit B to the State's proposed Findings of Fact and Conclusions of Law are hereby deemed to contain Sensitive Data pursuant to Texas Rule of Appellate Procedure 9.10.

Ex. A 1 of 2

Pursuant to subsection (b) of said rule, the District Clerk shall NOT electronically file these reports with the Court of Criminal Appeals. Instead, the District Clerk shall place these reports in a manila envelope marked "sealed" with a general description of these reports, their filing date, and the date they were sealed. If these sealed reports are sent to the Court of Criminal Appeals, it shall be transmitted physically rather than electronically.

The Clerk shall send a copy of this Order to Applicant at TDCJ.

SIGNED ____March 16____, 2015.

_____
Hon. Stacey Matthews, Presiding Judge
277th Judicial District Court

Ex, A 2 of 2

# 3.75   FILED

AUG 17 2006

District Clerk, Williamson Co.

We disagree with

the testimony of

Quentin Monroe Austin, Jr

concerning the dates

that the alleged

"sexual contact"

happened. We need

the part of his testimony

where he talks about

December and January

specifically and including

the visits of Danny
and two sisters.
(Any testimony regarding
December and
January)

If not specific enough, the
part where Quentin answers
questions concerning the
charge of December &
January